**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

JORGE PARRA
REG. #53853-080                                                                                                PETITIONER

VS.                          2:04CV00129 GH/JTR

COLE JETER, Warden,
FCI, Forrest City, Arkansas                                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.       Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.       An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## I. Introduction

Petitioner, who is currently incarcerated at the Federal Correctional Institute located in Forrest City, Arkansas, has filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (Docket entry #1.) Respondent has filed a Response (docket entry #5), to which Petitioner has filed a Reply (docket entry #7). Thus, the issues are now joined and ready for disposition. For the reasons set forth herein, the Court recommends that the Petition be denied.

## II. Discussion

Petitioner alleges that he is currently serving a 120-month sentence, with a projected release date of May 17, 2008, taking into account 470 days of good time. (Docket entry #1, p.2-3.) According to Petitioner, 18 U.S.C. § 3624(b) allows a prisoner to receive fifty-four days of good-time credit for each year of the sentence imposed, as opposed to receiving fifty-four days of good-time credit for each year a prisoner has actually served. Under Petitioner's interpretation of 18 U.S.C. § 3624(b), he would receive 540 days of good-time credit, rather than the 470 days calculated by

BOP. (Docket entry #1, p.3.) Therefore, Petitioner seeks to have the Court order the BOP to recalculate his good-time credit consistent with his interpretation of the statute.

Federal prisoners have a statutory right to receive credit toward their sentences for good behavior:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). Obviously, once good-time credit is awarded under this statute, the time to be served by a prisoner becomes less than the sentence imposed.

BOP has interpreted 18 U.S.C. § 3624(b) to mean that good-time credits are awarded based only on the time served, rather than on the sentence imposed. 28 C.F.R. § 523.20(a)(1) (BOP "shall award . . . 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year)"); BOP Program Statement 5880.28, at 1-40 to 1-61 (establishing detailed calculation instructions).

The Eighth Circuit has expressly rejected Petitioner's argument that, under § 3624(b), he is entitled to receive good-time credit based on each year of the sentence imposed:

> We conclude that § 3624(b) is ambiguous because it does not clearly indicate whether a prisoner's good time credits are based on the time served in prison or the sentence imposed. Since the BOP regulation was adopted through the notice and comment procedure, it is entitled to deference . . . and we conclude that it is a reasonable interpretation of the statute.

*James v. Outlaw*, 126 Fed. Appx. 758, 759 (8th Cir.2005) (unpublished *per curiam*) (internal citations omitted). The Court, citing *Outlaw,* reached the same holding in *United States v. Wittman*,

139 Fed. Appx. 759, 760 (8th Cir.2005) (unpublished *per curiam*). Furthermore, the Eighth Circuit's decisions in *Outlaw* and *Wittman* are in accord with those rendered by a majority of other circuits that have considered this issue. *See, e.g., O'Donald v. Johns*, 402 F.3d 172, 173 (3d Cir. 2005) (*per curiam*) (18 § 3624(b) ambiguous and BOP calculation method is reasonable; court will not resort to rule of lenity when ambiguity of statute can be otherwise resolved); *Perez-Olivio v. Chavez*, 394 F.3d 45, 51-53 (1st Cir. 2005) (same); *White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004) (same), *cert. denied*, 125 S. Ct. 2921 (2005); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270 (9th Cir.2001) (same), *cert. denied*, 535 U.S. 1105 (2002). Thus, based on the Eighth Circuit's holdings in *Outlaw* and *Wittman*, the Court concludes that Petitioner's habeas Petition is without merit.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket entry #1) be DENIED, and that this case be DISMISSED WITH PREJUDICE.

Dated this 6th day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE